UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10624-GAO

ALI H. ADDO,
Plaintiff,

v.

JAMES ENGLISH, and
JENNIFER McGRATH,
Defendants.

OPINION AND ORDER
March 4, 2013

O'TOOLE, D.J.

This case arises out of the detention of the plaintiff pending removal from the United States by the Bureau of Immigration and Customs Enforcement ("ICE"). Originally brought *pro se* under the Federal Tort Claims Act, on order of the Court the complaint was construed as asserting claims for false arrest, false imprisonment, and abuse of process against the two individual defendants under the doctrine of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 397 (1971). The Court appointed counsel to represent the plaintiff, but as various entries on the docket indicate, the plaintiff has not always cooperated with counsel. In particular, the plaintiff failed to comply with his discovery obligations despite a direct order by the Court that he do so. The defendants now have moved for summary judgment. In light of the plaintiff's refusal to provide discovery, it would be unfair to permit him now to offer evidence by way of affidavit, and accordingly his two affidavits submitted in opposition to the summary judgment motion are stricken.

After a criminal conviction the plaintiff was subject to removal from the United States. On October 31, 2005, he was released from detention subject to an order of supervision because ICE did not have a passport or other suitable travel document necessary to execute the removal of the plaintiff back to his native Somalia. A year later, the defendant English obtained a passport that he claimed would suffice as a travel document for the plaintiff's removal. He checked with a supervisor in Washington, who authorized him to proceed on the basis of the passport. On October 10, 2006 the plaintiff was called into the ICE office in Boston where he was placed into detention by the defendants. The plaintiff was detained for approximately three years until the removal order was overturned. Addo v. AG of the United States, 355 Fed. Appx. 672 (3d Cir. 2009). The plaintiff's claim is that he was detained in violation of his Constitutional rights because the defendants took him into custody on the pretext that the passport was genuine when they knew otherwise.

The defendants move for summary judgment on the grounds that they are protected by qualified immunity. The question presented is whether a reasonable person in the defendants' position would have understood that detaining the plaintiff on the basis of the passport was a violation of his right not to be arrested without legal justification. See Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009).

English testified at his deposition that he received a passport that appeared to him to be authentic and sufficient to support the plaintiff's removal. After receiving approval to rely the passport from headquarters in Washington, English took the plaintiff into custody. The plaintiff has no direct contrary evidence. Rather, he argues only that English could not reasonably have believed the passport was authentic because he (the plaintiff) had been shown to have possessed numerous false identifying documents, including a couple of dozen false passports. The evidence

in the record suggests that English probably did have some reservations about the passport because, rather than acting unilaterally (as he was authorized to do), he sought approval to use the passport from a superior. The details of the approval process are not in the record, but it is undisputed that English detained the plaintiff only after getting approval to do so on the basis of the questioned passport. This is exactly what a reasonable officer in English's position would have done. For her part, the defendant McGrath does not appear to have made any decisions in the matter; she apparently only assisted English in the detention process.

The defendants are entitled to qualified immunity from the present claims, and their Motion (dkt. no. 32) for Summary Judgment is therefore GRANTED. Judgment shall enter dismissing the claims with prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.  
United States District Judge